**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MICHAEL FIORITO,**

    **Plaintiff,**

v.                                                                       **Civil Action No. 1:18cv182
(Judge Keeley)**

**DR. ANDERSON; WEAVER, Hospital
Services Administrator; DOE
DEFENDANTS, FCI Gilmer, and the
UNITED STATES OF AMERICA,**

    **Defendants.**

**REPORT AND RECOMMENDATION**

**I. Procedural History**

On March 13, 2018, in the United States District Court for the Central District of California, the *pro se* Plaintiff, then an inmate at FCI Florence Medium[1] in Florence, Colorado, filed a Bivens civil rights complaint against the above-named defendants and approximately seventeen others from California, Washington D.C., and Kentucky. ECF No. 1. Along with his complaint, Plaintiff filed a request to proceed without prepayment of fees. On May 16, 2018, Plaintiff's request for leave to proceed without prepayment of fees was granted and he was directed to pay an initial partial filing fee ("IPFF") within thirty days. ECF No. 5.

On May 22, 2018, a Report and Recommendation ("R&R") was entered by the magistrate judge assigned to the case. ECF No. 7. Plaintiff timely filed objections. ECF No. 15. An Amended R&R was issued on September 24, 2018, addressing Plaintiff's objections. ECF No. 16. By Order entered the following day, the Amended R&R was accepted and, *inter alia*, the Bivens claims and any associated claims arising under the Federal Tort Claim Act ("FTCA")

---

[1] The docket reflects that Plaintiff is now incarcerated at USP Atlanta.

against the above-named Defendants were severed and transferred here. ECF No. 17. The case was transferred in to this district on September 27, 2018. ECF No. 18.

By Order entered October 1, 2018, the Clerk was directed to correct the docket by terminating the California defendants and/or any other defendants severed or who should have been severed when the case was transferred to this district. ECF No. 20. After clarification by the Clerk of Court that no IPFF had ever been received by the Clerk of Court in the Central District of California, by separate Order the same day, the Clerk was directed to send a copy of the Central District of California's May 16, 2018 Order granting Plaintiff permission to proceed as a pauper to the Prison Trustee Account Clerk at Plaintiff's present institution and requiring payment of the already-assessed IPFF. ECF No. 21.

On October 23, 2018, Plaintiff filed the instant Motion for Clarification. ECF No. 23. On October 25, 2018, Plaintiff wrote a letter to the undersigned; it was docketed as a letter. ECF No. 24.

Accordingly, this case is now before the undersigned for review, report and recommendation pursuant to LR PL P 2.

## II. History of the Case

Plaintiff's complaint, ostensibly filed as a Bivens civil rights action, *inter alia*, raises claims of deliberate indifference to serious medical needs in violation of his Eighth Amendment rights against the above-named defendants. ECF No. 1. In two places, the complaint also makes brief reference to the United States having liability for the "malpractice and negligence" of its employees. Id. at 9, 22 ¶104.

Among other things, the first R&R entered in the Central District of California recommended that Plaintiff's Bivens claims against the above-named defendants should be

2

severed and transferred to this jurisdiction, noting that the magistrate judge did not interpret Plaintiff's two "isolated references to negligence as an attempt to bring claims against the United States under the . . . ("FTCA")."[2] ECF No. 7 at 17 – 18. However, the magistrate judge noted that to the extent Plaintiff *was* attempting to bring negligence claims against the United States under the FTCA, "those claims should be severed and pursued in separate West Virginia . . . action[] against the individual Defendants" because the issue of their negligence "is closely related to whether they were deliberately indifferent under the Eighth Amendment, and . . . would be governed by the law of the state where the negligence occurred[.]" Id. at 19.

Plaintiff filed objections, conceding to the severance and transfer of the Bivens claims against the West Virginia and Kentucky defendants, explaining that he had "made a tactical decision not to pursue to issue of joinder against the [West Virginia and Kentucky] . . . defendants" in California but making it clear that he also intended that his complaint include FTCA claims against all the defendants, saying he would "use these defendants actions & inactions in his claims against the United States under the FTCA claim he filed simultaneously with this action." ECF No. 15 at 6.

Accordingly, in an Amended R&R, the magistrate addressed Plaintiff's objections and recommended that not only should the Bivens claims against the West Virginia and Kentucky defendants be severed and transferred to those jurisdictions, but also making it clear that any FTCA claims associated with them should be severed and transferred as well. The Court adopted the Amended R&R; the above-named defendants' claims were severed and transferred to this district.

### III. Plaintiff's Motion for Clarification

---

[2] Nowhere in his complaint does Plaintiff specifically mention the FTCA.

Plaintiff's Motion for Clarification is inconsistent with the record and contradicts statements Plaintiff made regarding his pleadings in the Central District of California. Plaintiff's motion contends that he filed "**a Bivens Complaint** against three sets of defendants in the Central District of California case # 5:18-cv-506." ECF No. 23 at 1 (emphasis added). He notes that he included BOP staff from FCI Gilmer as defendants in that action; that "[s]ometime prior to the California Court dismissing the West Virginia Defendants [from his California case] Plaintiff explained to that Court that if the West Virginia Defendants were severed from his [California] case he did not want those defendants . . . transferred to West Virginia, [because] Plaintiff would not pursue those defendants in West Virginia." Id.

Nonetheless, Plaintiff avers, the United States District Court for the Central District of California "severed the West Virginia Defendants" from his California case anyway; and "[s]ometime in September or October 2018" transferred "the West Virginia Defendants case to Federal Court in West Virginia," and that he only **"discovered this via a letter he received from the Clerk of Court in West Virginia on 10-11-2018**." Id. He states he is "confused as to why he is being forced to initiate a new Bivens Action in West Virginia" and questioning whether it is not his decision to make. Id. at 2. He requests to be informed of the reasons why he is being "forced" to pursue the severed defendants in West Virginia "when he made no such request to do so." Id.

Subsequently, on October 16, 2018,[3] Plaintiff wrote a letter to the undersigned, objecting to payment of the IPFF; noting that this Court had directed that his IFP Order be sent to his present institution for payment of the IPFF;[4] asking that the Court "issue an order withdrawing

---

[3] The letter was received and docketed on October 25, 2018.
[4] Plaintiff contends that he had "requested the Court in California hold my filing fee in abeyance as I am paying on 2 other filing fees at the moment." ECF No. 24. The undersigned notes that the docket does not reflect that Plaintiff ever filed such a motion.

the clerks [sic] request to start the filing fee for my California case . . . [because] I do not wish to incur another filing fee for a civil rights action for a case I never filed or requested to have filed[];" and reiterating that he could not understand how he could be "forced to file a <u>Bivens</u>" action when he did not wish to, had never asked to do so, and averring that he had "explained this to the Court in California." ECF No. 24.

The undersigned has reviewed Plaintiff's September 14, 2018 objections to the first R&R issued in this matter in the United States District Court in the Central District of California, and notes that in those objections, Plaintiff clearly indicated his awareness that the Central District of California intended to sever at least the <u>Bivens</u> claims against the West Virginia Defendants and transfer them to this district, and conceded to the same.  <u>See</u> ECF No. 15 at 3, 6.  Thus, Plaintiff's claim that he had no idea that, at the very least, the <u>Bivens</u> claims against the West Virginia Defendants were being severed and transferred here is not supported by the record. Moreover, the Central District of California's Amended R&R addressed Plaintiff's objections and made it clear that not only were the <u>Bivens</u> claims against the West Virginia Defendants to be severed and transferred to this district, but also that any potential FTCA claims associated with their actions or inactions must be pursued in the state where the <u>Bivens</u> claims against those defendants arose. ECF No. 16 at 19 - 20.

## IV. <u>Recommendation</u>

Accordingly, for the reasons stated above, the undersigned recommends that:

1) the **Plaintiff's Motion for Clarification be construed as a motion to voluntarily dismiss both the <u>Bivens</u> and FTCA claims against the above-named West Virginia Defendants that were severed from the action Plaintiff filed in the Central District of California and transferred here.** Should Plaintiff choose this option, the undersigned further

5

**RECOMMENDS** that the October 1, 2018 Order Directing the Clerk to Send a Copy of Order Granting Permission to Proceed as a Pauper to Prison Trustee Officer at Plaintiff's Present Institution and Requiring Payment of Previously-Assessed Initial Partial Filing Fee [ECF 21] be **VACATED,** relieving Plaintiff of any obligation for a filing fee associated with this matter.

**2)** Alternatively, because Plaintiff has already been advised by the Central District of California that **if he intends to pursue negligence claims arising under the FTCA against the United States for the actions or inactions of these West Virginia defendants, he must do so in this district**, **should Plaintiff wish to dismiss only the <u>Bivens</u> claims against the West Virginia defendants, in favor of pursuing only the FTCA claims against them here, he must so advise the Court.**  Should Plaintiff choose this option, the undersigned **RECOMMENDS** that Order Directing the Clerk to Send a Copy of Order Granting Permission to Proceed as a Pauper to Prison Trustee Officer at Plaintiff's Present Institution and Requiring Payment of Previously-Assessed Initial Partial Filing Fee [ECF 21] remain in full effect, obligating Plaintiff to pay the full filing fee.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file written objections with the Clerk of the Court, identifying the portions of the Recommendation to which objections are made. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of such objections should also be submitted to the United States District Judge.  **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court**

based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is **DIRECTED** to provide a copy of this Report and Recommendation to the *pro se* Plaintiff via certified mail, return receipt requested, at his last known address as reflected on the docket.

Upon entry of this Report and Recommendation, the clerk of court is **DIRECTED** to terminate the Magistrate Judge association with this case until further Order of the District Judge.

DATED:  October 29, 2018

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE