```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MICHAEL FIORITO,**

      **Plaintiff,**

**v.**                                        **Civil Action No. 1:18CV182**
                                                 **(Judge Keeley)**

**DR. ANDERSON; WEAVER, Hospital**
**Services Administrator; DOE**
**DEFENDANTS; FCI GILMER, and**
**THE UNITED STATES OF AMERICA**

      **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 25],**
**GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS**
**CLAIMS [DKT. NO. 23], AND DISMISSING THE CASE**

On March 13, 2018, the pro se plaintiff, Michael Fiorito ("Fiorito"), initiated a Bivens[1] action in the United States District Court for the Central District of California (Dkt. No. 1), alleging an "ongoing denial of medical care span[ning] almost 3 years in 3 different states at 3 different BOP facilities." Id. at 12. Pursuant to 28 U.S.C. § 1406(a), and because Fiorito's claims against the above-named defendants arise out of his incarceration at FCI Gilmer, a federal institution located in the Northern District of West Virginia, those claims were severed and transferred to this Court on September 27, 2018 (Dkt Nos. 27; 28).

     Pursuant to 28 U.S.C. § 636 and this Court's local rules, the Court referred the matter to United States Magistrate Judge Michael J. Aloi for initial review. Thereafter, Fiorito filed a self-styled

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 390 (1971).

**FIORITO V. ANDERSON, ET AL.** 1:18CV182

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 25], GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS CLAIMS [DKT. NO. 23], AND DISMISSING THE CASE**

"Motion for Clarification" (Dkt. No. 23), requesting information as to "why he is being forced to pursue the severed defendants in West Virginia." Id. at 2. In his motion, Fiorito states that "he explained to [the California] Court that if the West Virginia defendants were severed from his case . . . [he] would not pursue those defendants in West Virginia." Id. at 1. He further states that he is "confused as to why he is being forced to initiate a new Bivens action in West Virginia." Id. at 2.

Magistrate Judge Aloi's report and recommendation ("R&R"), entered on October 29, 2018 (Dkt. No. 25), recommended that the Court construe Fiorito's Motion for Clarification as a motion to voluntarily dismiss the severed claims. Id. at 5. Accordingly, the R&R recommended that the Court dismiss the Bivens and FTCA claims asserted against the above-named defendants. Id. It further recommended that the Court relieve Fiorito of any obligation for the filing fee associated with this action. Id. at 6.

The R&R informed the parties of their right to file written objections, identifying those portions of the recommendation to which objections are made, and the basis for such objections. Id. at 6. It further warned that failure to do so could result in waiver of the right to appeal. Id. at 6-7. To date, no party has filed any objections to the R&R. Instead, on November 16, 2018,

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 25], GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS CLAIMS [DKT. NO. 23], AND DISMISSING THE CASE**

Fiorito filed a letter advising the Clerk of Court that he is "not proceeding with either a Bivens or an FTCA suit against any defendants in West Virginia," and requesting that the Clerk's Office "explain" to the Prison Trustee Officer that "fees . . . related to this case should be refunded" to him (Dkt. No. 27).

When reviewing a magistrate judge's R&R, the Court must review de novo only those portions of the R&R to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d. 600, 603-04 (N.D.W. Va. 2007)(citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 2005)). Courts will uphold those portions of the recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Dellacirprete, 479 F. Supp. at 603-04. Upon review of the R&R and the record for clear error, the Court **ADOPTS** the R&R (Dkt. No. 25), **GRANTS** Fiorito's Motion for Clarification insofar as he has moved to voluntarily dismiss his claims (Dkt. No. 23), and **DISMISSES** the Bivens and FTCA claims

**FIORITO V. ANDERSON, ET AL.                                    1:18CV182**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 25],
GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS
CLAIMS [DKT. NO. 23], AND DISMISSING THE CASE**

asserted against the above-named defendants (Dkt. No. 1). Further, it **VACATES** its earlier Order Requiring Payment of Previously-Assessed Initial Partial Filing Fee (Dkt. No. 21), thereby relieving Fiorito of any obligation for the filing fee associated with this civil action.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk of Court to transmit a copy of this Order to the pro se plaintiff, certified mail and return receipt requested. It further **DIRECTS** the Clerk to strike this case from the Court's active docket.

DATED: November 27, 2018

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE